AUTONATION, INC., a Delaware corporation and Autonation Benefits Company, Inc., a Florida corporation, Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE COMPANY, a Minnesota corporation, Defendant.

No. 05–61277–CIV–MOORE.

United States District Court, S.D. Florida.

March 21, 2006.

Philip A. Sechler, Patrick H. Kim, Williams & Connolly LLP, Washington, D.C., Edward J. Pozzuoli, Stephanie Alexander, Alexis M. Yarbrough, Tripp Scott, Fort Lauderdale, FL, for Plaintiff.

Steven M. Ziegler, David A. Armstrong, Steven M. Ziegler, P.A., Hollywood, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant, United Healthcare Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint (DE # 21).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

## I. Facts

The instant case arises out of Plaintiff AutoNation, and its subsidiary AutoNation Benefits Company, Inc. (collectively, "Plaintiffs") claim for breach of fiduciary duty in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") (Count I), and state law claims for breach of contract (Count II) and professional negligence (Count III) against United Healthcare Insurance Company ("United" or "Defendant").

AutoNation is the nation's largest retailer of new and used vehicles, and employs approximately 27,000 people. Amended Compl. ¶ 7. Together with its subsidiary, ABC, AutoNation provides healthcare and prescription drug benefits for its employees through a self-funded healthcare program known as the AutoNation Medical Benefits Plan (the "Plan"). *Id.* ¶ 8. On April 1, 2002, AutoNation and ABC executed an administrative services agreement ("ASA") with United under which United agreed to administer the Plan for thirty-six months. *Id.* ¶ 11. This contract was later extended for nine additional months. *Id.* United had a number of obligations under the ASA, including the duty to "discharge its duties ... in the interest of Participants and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person would ...," "periodically review its claims processing services for the Program for the purpose of detecting Overpayments," assume liability for unrecovered overpayments when the Overpayment was caused by "gross negligence" or an "intentional disregard of [United's] obligations under" the ASA, and to determine which services are "covered" under the ASA, among other obligations. *See* Amended Compl. ¶¶ 13–26.

After the Plan experienced a substantial increase in costs, AutoNation hired Hewitt

Associates ("Hewitt") to conduct an investigation, which led Hewitt to recommend a full-scale audit of United's administration of the Plan. *Id.* ¶¶ 27–28. AutoNation subsequently hired Hewitt and Mercer Human Resource Consulting, Inc. to assess United's performance under the Plan. *Id.* ¶ 29. The audits found that United "did not deliver the value, level of review, or services contemplated and paid-for." *Id.* ¶ 33. The Complaint further alleges that even after United was made aware of the flaws in its administration of the Plan, it continued to disregard its obligations. *Id.* ¶ 35. Plaintiffs claim they were harmed by Defendant's alleged negligence and breaches of its contractual and fiduciary duties, which included Defendant's failure to detect excessive overpayments and Defendant's payment of benefits to terminated employees. *Id.* ¶¶ 35–37.

## II. Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *South Fla. Water Mgmt. Dist. v. Montal-*

*vo*, 84 F.3d 402, 406 (11th Cir.1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." *Bowers v. Hardwick*, 478 U.S. 186, 201–02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (Blackmun, J., dissenting) (quotations omitted); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

## III. Discussion

Defendant first argues that Counts II and III of Plaintiffs' Amended Complaint, which are state law claims, are preempted by ERISA and should therefore be dismissed.[1]

### A. ERISA Preemption

There are two types of ERISA preemption. The first is "complete" preemption, or "super preemption." *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1211 (11th Cir.1999). Because Congress has created a "comprehensive remedial scheme" for the loss or denial of employee benefits, "federal jurisdiction exists, even if the face of the complaint does not plead federal claims." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir.1998). "When Congress comprehensively occupies a field of

1. Defendant's Reply Memorandum of Law (DE # 39), although technically in compliance with Local Rule 7.1C, is in violation of the spirit of the rule. The Reply is ten pages long, however it contains fifty-four (54) small font, single-spaced footnotes, often occupying nearly half a page. Although less egregious, Defendant's Motion to Dismiss (DE # 21), particularly footnotes that contain extensive legal argument and occupy all but three lines of a page (*see* footnote 5), is also in violation of the spirit of the local rules. Any additional motions filed by the Defendant that similarly violate the local rules will be stricken.

law, 'any civil complaint raising this select group of claims is necessarily federal in character' and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331.... Therefore, federal courts have subject-matter jurisdiction over state-law claims that have been superpreempted, and defendants may remove to federal court those actions that contain such claims." *Butero,* 174 F.3d at 1211–12 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Thus, the doctrine of super preemption is a jurisdictional one—super preemption "converts states law claims into federal claims for purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court." *Whitt,* 147 F.3d at 1329. In this case however, there is no dispute that the case is properly before this Court, as the Plaintiff has asserted both diversity jurisdiction and federal question jurisdiction. Nonetheless, the Defendant wishes to establish complete preemption because "complete preemption under § 502(a) automatically establishes conflict preemption under § 514." Defendant's Motion to Dismiss, at 3–4. *See also Cotton v. Mass. Mutual Life Insurance Co.,* 402 F.3d 1267, 1281 (11th Cir.2005) ("claims that are completely preempted are also defensively preempted"). The Court, however, should not reach resolution of Defendant's argument that the claims are completely preempted, as the motion before us today does not contend that this Court lacks subject matter jurisdiction over Plaintiffs' claims.

■■■■ "Defensive" or "conflict" preemption provides an affirmative defense to certain state-law allegations and calls for their dismissal where the state law claims "re-late to" an ERISA plan. *See Butero,* 174 F.3d at 1212. Unlike complete preemption, conflict preemption does not raise jurisdictional concerns. Rather, it originates from ERISA's express preemption provision, 29 U.S.C. § 1144(a).[2] *Id.* While the term "relates to" is necessarily broad, the Supreme Court has stated that "we must go beyond the unhelpful text [of the ERISA] statute and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995). State laws should not be preempted "when the law has too tenuous a connection with the ERISA plan." *Morstein v. National Ins. Services, Inc.,* 93 F.3d 715, 722 (11th Cir.1996).

The Defendant argues that Plaintiffs' state law claims should be conflict preempted because they "relate to" an ERISA Plan within the meaning of the statute. The Defendant cites to a number of cases that stand for the proposition that state law breach of contract or breach of duty claims can be preempted under ERISA. *See e.g., Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (Supreme Court holding that plaintiffs' state law claims are completely preempted because defendant's potential state law liability "derives entirely from the particular rights and obligations established by the benefit plans"); *Butero,* 174 F.3d at 1215 (holding that state law breach of contract claim is preempted). The Plaintiffs disagree, and cite to cases where a plaintiff sues the administrator of a health plan for an al-

---

**2.** "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee bene-fit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

leged breach of a services agreement between the plaintiff and the administrator, and those state law claims (including breach of contract) are not conflict preempted. *See Children's Hosp. Corp. v. Kindercare Learning Centers, Inc.,* 360 F.Supp.2d 202, 206 (D.Mass.2005) (the state law breach of contract claim "does not involve an ERISA plan, but an independent contract between the two entities"); *Baylor University Medical Center v. Epoch Group, L.C.,* 340 F.Supp.2d 749, 759–60 (N.D.Tex.2004) ("enforcing a contract to provide medical services is hardly an exclusive area of federal concern .... [The parties' relationship] flows from and is governed by the ... contracts.... Because [plaintiff] seeks to enforce a contract with [defendant, plaintiff] is suing on its own behalf as an independent creditor—not on behalf of its patients"). Similarly here, the Plaintiffs argue, the Plaintiffs and the Defendant executed an administrative services agreement (the ASA) wherein the Defendant agreed to administer the Plan for three years. *See* Amended Compl., ¶ 11.

In a narrow ruling, the Court of Appeals in *Morstein* determined that the Plaintiff's suit against an insurance agent was not preempted where the Defendant was not an ERISA entity and had no control over the determination of Plaintiff's rights under the Plan. 93 F.3d at 722–23. That case is distinguishable because not only is it undisputed that all the parties are ERISA "entities," but the Defendant here exercised "utilization review and managed care services" to determine "the medical necessity and/or appropriateness of health care services provided to participants." Amended Complaint, ¶ 19. Furthermore, in *Morstein,* as well as in *Cotton v. Mass. Mutual Life Ins. Co.,* the plaintiff alleged that the defendant misrepresented the nature of the insurance policy that he/she was purchasing. *See Morstein,* 93 F.3d at 722 (state law claims against an independent insurance agent and his agency "for fraudulent inducement to purchase and negligence in processing an application for an ERISA-governed insurance plan"); *Cotton,* 402 F.3d 1267, 1283 (11th Cir.2005) (Plaintiffs allege that "Mass Mutual induced them to purchase and maintain premium life insurance policies as a source of retirement income and death benefits by misrepresenting the level of benefits those policies would provide"). That is not the case here, where the Plaintiffs are essentially arguing the inverse of a typical ERISA claim—instead of a beneficiary suing for underpayment of benefits, the employer is suing for overpayment of benefits. There is no dispute that courts have consistently held that state law claims brought by individual beneficiaries (often employees) that essentially seek to recover improperly denied benefits are preempted by ERISA because these state law claims "relate to" an ERISA plan. *See Butero, Davila.* It strains logic for the Court to hold that state law claims of an employer suing for improper payments of benefits under a health plan are not sufficiently "related to" an ERISA plan and are not preempted by ERISA.

Although *Aetna v. Davila* concerns complete preemption rather than conflict preemption, its analysis is instructive. There, Plaintiffs alleged that their HMOs refused to cover certain medical expenses in violation of the HMO's duty to exercise ordinary care under Texas state law. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). The Court recognized that "interpretation of the terms of [Plaintiffs'] benefit plans forms an essential part of their [state law] claim, and [state law] liability would exist here only because of [Defendant's] administration of ERISA-regulated benefit plans. [Defendant's] potential liability ... derives entirely from the particular rights and obligations established by the benefit

plans." *Id.* at 213, 124 S.Ct. 2488. Accordingly, the Supreme Court held that Plaintiffs' claims fell "within the scope of" ERISA § 502(a)(1)(B) and were therefore completely preempted. Furthermore, in *Hughes Supply Inc. v. Robey–Barber Ins. Services, Inc.*, the Plaintiff entered into a third-party agreement with the Defendant who allegedly had control and exercised discretion over the Plan's funds. 2000 WL 782954, *1 (M.D.Fla. June 5, 2000). After conducting an audit of this third-party agreement, numerous improprieties came to light in the Defendant's administration of the plan. The district court held that the Plaintiff's state law claims for conversion and breach of contract did "relate to" the employee benefit plan. *Id.* at *6. The Court noted that these claims "have a very definite connection with the ERISA plan because they arise from alleged mistakes in the submission of claims for benefits under the Plan." *Id.*

■ Similarly here, there is no question that the state law claims "relate to" the ERISA Plan. The Plan provides healthcare to Plaintiffs' employees. Amended Compl. ¶ 8. The Defendant was hired, pursuant to the ASA, to administer the Plan and allegedly breached its duties during the course of its administration. *Id.* ¶ 12. As the Defendant correctly points out, the Plaintiffs have identified the ERISA plan, asserted ERISA jurisdiction, sued United as an ERISA plan fiduciary, and brought a § 502(a)(2) ERISA cause of action. While the Court recognizes the Plaintiffs' right to plead alternative and inconsistent causes of action, the Court finds that the Amended Complaint's factual allegations, including a breach of contract claim and a professional negligence claim, "relate to" an ERISA Plan. Indeed, if this Court were not to find that the state law claims were "related to" the ERISA Plan, its ruling would completely eviscerate the significance of the phrase

"relate to." Accordingly, Counts II and III are conflict-preempted and dismissed.

### B. Count I Fails to State a Cause of Action

Defendant argues that Count I should be dismissed because Plaintiffs failed to allege that the Defendant breached its fiduciary duty. Specifically, Defendant contends that because "fiduciary duties under ERISA are owed only to participants and beneficiaries," and the crux of Plaintiffs' claim is that because the Defendant provided *more* Plan benefits than it was supposed to, the Plaintiffs have failed to plead that the Defendant breached its fiduciary duty to the participants or beneficiaries. Def. Motion at 13. The Plaintiffs argue that the Defendant's fiduciary duty is in fact much broader, and the Plaintiffs are also suing for damages on behalf of the Plan participants and beneficiaries.

■ ERISA § 404(a)(1) states:
a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries;

and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

Thus, ERISA enumerates a handful of duties for a fiduciary, including "providing benefits to participants and their beneficiaries;" "defraying reasonable expenses of administering the plan;" and behaving in accordance with a "prudent man" standard, among others. The Court agrees with the Plaintiffs that the Complaint properly alleges a cause of action under ERISA. In *Baker County Medical Services v. Brown*, Plaintiff Baker County Medical Services, Inc. sued Brown & Brown, Inc. alleging that Brown & Brown breached its fiduciary duties as an administrator of a benefits plan Plaintiff established. 2005 WL 2063021, *1 (M.D.Fla. Aug.24, 2005). The Court held that a number of "imprudent acts" by Brown & Brown that caused Baker County's reinsurer to refuse reimbursement raised factual questions that could not be resolved on summary judgment. *Id.* at *6. The Court recognized that these processing errors could potentially state a claim under ERISA's "prudence" standard. *Id.* Furthermore, in *Hughes Supply, Inc.* discussed above, the Middle District of Florida refused to dismiss Plaintiff's ERISA claim where the Plaintiff accused the Defendant of improperly administering the plan in breach of its fiduciary duties. *Hughes Supply, Inc.*, 2000 WL 782954, *1. Similarly, in the instant case, the Plaintiffs allege that the Defendant improperly administered the Plan under 29 U.S.C. § 1104(a). In its Amended Complaint, the Plaintiffs note that "United has a duty to act 'with the care, skill, prudence, and diligence' under the circumstances then prevailing that a prudent man acting in a like capacity ...." The Court does not agree with Defendant's narrow reading of the statute that only permits a recovery where plan participants are seeking a recovery for benefits not received. Def. Motion at 13. The cases Defendant cites are inapposite. In *Alton Memorial Hosp. v. Met. Life Ins. Co.*, 656 F.2d 245, 250–1 (7th Cir.1981) and in *Carl Colteryahn Dairy, Inc. v. Western Penn. Teamsters and Employers Pension Fund*, 847 F.2d 113, 119 (3d Cir.1988) the Courts held that Plaintiff failed to allege any harm to the plan participants or beneficiaries, and thus failed to state a claim under ERISA. That is not the case here, where the Complaint does allege that "[a]s a direct and proximate result of the breaches of fiduciary duty alleged herein, the Plan and its Participants incurred substantial losses." Amended Complaint, ¶ 45.

The Defendant next contends that Count I should be dismissed because the Plaintiffs seek "individualized relief" rather than losses caused by self-dealing or that "threaten the financial viability of the Plan and cause other participants to be denied access to benefits to which they are otherwise entitled." Def. Motion to Dismiss at 16. The Defendant primarily relies on *Physicians HealthChoice, Inc. v. Trustees of the Automative Employee Benefit Trust*, 988 F.2d 53 (8th Cir.1993). In that case, the Court of Appeals refused to apply ERISA to a third-party creditor's claim against a number of trustees for mismanagement of a trust. *Physicians HealthChoice*, 988 F.2d at 54. Here, however, the Plaintiffs do sufficiently allege "tangible" and "concrete" losses stemming from the Defendant's alleged failure to properly administer the Plan. *See* Amended Complaint, ¶ 44. Furthermore, on a motion to dismiss, where any possible legal theory could withstand Defendant's motion, coupled with the "broad" construction of "losses to the plan" under § 1109, the Court finds that the Plaintiff has sufficiently stat-

ed a claim. *See Physicians HealthChoice,* 988 F.2d at 55.[3]

### C. *Dismissal of Autonation as a Party*

 Defendant next suggests that AutoNation should be dismissed as a party because "neither the ASA nor the Summary Plan Description . . . provide an express grant of discretionary authority to it. Also, they nowhere state AutoNation is an intended third party beneficiary under the ASA." Reply at 9. Again, Defendant has failed to meet its burden on a motion to dismiss. On a motion to dismiss, the Court is required the accept all well-pled factual allegations are true. According to the Complaint, "AutoNation is the sponsor of the Plan and also retains and exercises discretionary authority and control with respect to the management and administration of the Plan, including, but not limited to, interpreting, amending, and or otherwise altering the terms of the Plan." Amended Complaint, at ¶ 9. Accordingly, the Court finds that dismissal of AutoNation as a party would not be proper at this juncture.

### IV. *Conclusion*

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED IN PART. Counts II and III of Plaintiffs' Amended Complaint are DISMISSED with prejudice.

---

3. The Court also finds that the Defendant did not meet its burden on a motion to dismiss with respect to its conclusory argument that "the Count I prayer for relied to compensate

Plaintiffs and Plan Participants for 'Plan losses' must be stricken and replaced solely with a claim to compensate the Plan." Def. Motion to Dismiss at 18.