Rafael ALCALDE, D.D.S., P.A., Plaintiff,

v.

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Defendant.**

Case No. 1:14–CV–23103–UU.

United States District Court, S.D. Florida.

Signed Nov. 18, 2014.

Filed Nov. 19, 2014.

Daniel Jordan Simon, Kabir Arjan Lalchandani, Lalchandani Simon, PL, Miami, FL, for Plaintiff.

Daniel Alter, GrayRobinson PA, Fort Lauderdale, FL, Defendant.

## ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Counts II–VI of Plaintiff's First Amended Complaint. D.E. 12. This Motion is fully briefed and ripe for disposition. Also before the Court is Defendant's previously-filed Motion to Dismiss, D.E. 7.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion, D.E. 12, is GRANTED.

### Procedural History and Background

Plaintiff originally filed a Complaint in state court on July 14, 2014. D.E. 1–1 at 4–13. On August 22, 2014, Defendant removed this action to federal court, alleging that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempted the state court Complaint and provided federal question jurisdiction to the action. D.E. 1. Defendant then filed a motion to dismiss in this Court. D.E. 7. In response, Plaintiff filed a First Amended Complaint, alleging the following claims: (Count I) Breach of Contract HMO Member Agreement (ERISA); (Count II) Breach of Oral Contract; (Count III) Third Party Beneficiary Contract; (Count IV) Open Account; (Count V) Quantum Meruit—Unjust Enrichment; and (Count VI) violation of the Florida Deceptive and Unfair Trade Practices Act (Fla.Stat. §§ 501.201–501.213). D.E. 10. Defendant filed an Answer responding to Count I, D.E. 14, and filed this Motion seeking dismissal of Counts II through VI.

The following allegations are taken from Plaintiff's First Amended Complaint. Plaintiff is a Florida business entity doing business in the State of Florida. D.E. 10 ¶ 5. Plaintiff is a health care provider as defined by Chapter 641, Florida Statutes. Id. Defendant is a Florida corporation, and is a health maintenance organization ("HMO") as defined by Chapter 641, Florida Statutes. Id. ¶ 7. Plaintiff was not a contracted medical provider for Defendant. Id. ¶ 9.

Plaintiff provided medical services to patients that were covered by Defendant's health insurance. Id. ¶¶ 10, 29, 30. The medical services were pre-approved and pre-scheduled with Defendant, and were medically necessary. Id. ¶¶ 15, 16. Plaintiff alleges that Defendant owes him

$201,316.64 for the medical services provided. *Id.* ¶ 40.

Plaintiff alleges that Defendant's failure to pay the $201,316.64 breaches the HMO Member Agreement, which is governed by ERISA. Plaintiff also alleges, in the alternative, that (Count II) Defendant breached an oral agreement to pay for the patients' medical services; (Count III) Defendant breached a third party beneficiary contract for failing to pay Plaintiff; (Count IV) there is an open account in the sum of $201,316.64 for the patients listed in Exhibit A attached to the First Amended Complaint; (Count V) Defendant has been unjustly enriched by accepting Plaintiff's services provided to the insured patients; and (Count VI) Defendant violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213.

On September 29, 2014, Defendants filed this Motion, arguing that Counts II through VI must be dismissed because any state law claims are preempted by ERISA, and because Plaintiff fails to state a claim upon which relief may be granted.

### Legal Standard

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679, 129 S.Ct. 1937.

### Analysis

Defendant argues that ERISA defensively preempts Plaintiff's state law claims. ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Defendant argues that this provision precludes Plaintiff's state law claims because they have a clear connection with or reference to an ERISA plan. Plaintiff contends that he can plead Counts II, IV, V, and VI[1] in the alternative because Defendant has challenged Plaintiff's standing to assert a claim under ERISA. Plaintiff argues that, as alleged, these counts do not relate to an ERISA plan. Defendant responds that Plaintiff confuses the concepts

---

1. Plaintiff withdrew Count III of his First Amended Complaint. D.E. 16 at 1 n. 1.

of complete preemption and defensive preemption, and that defensive preemption bars Plaintiff's state law claims, even if they are pleaded in the alternative.

 "ERISA was enacted in order to create a consistent and coherent nationwide framework for regulating employee benefit plans." *In re Managed Care Litig.*, 595 F.Supp.2d 1349, 1354 (S.D.Fla. 2009). As such, ERISA expressly displaces or preempts the application of state law claims in two ways: defensive or conflict preemption under Section 514(a) of the Act; and complete or super-preemption under Section 502(a) of the Act. *Id.* at 1355. "Defensive preemption applies broadly to any claim that 'relates to' an ERISA plan, and may be pled as an affirmative defense to state law claims." *Id.* (internal quotations and citations omitted). Complete preemption "creates exclusive federal jurisdiction (without regard to the diverse citizenship of the parties or the amount in controversy) over any civil action brought by an ERISA participant or beneficiary 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Id.* (quoting 29 U.S.C. §§ 1132(a), (e)-(f)).

 Defensive preemption "serves as a federal defense to a plaintiff's state law claims when those claims relate to an employee benefit plan governed by ERISA." *Id.* "A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997). "[D]efensive preemption is significantly broader than complete preemption" and therefore any claim that is completely preempted is defensively preempted. *Cotton v. Mass. Mut. Life.*

*Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005). "[D]efensive preemption does require dismissal of state-law claims." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir.1999). To determine whether Counts II, IV, V, and VI "sufficiently 'relate to' ERISA plans to trigger preemption under Section 514(a), it is necessary to analyze the allegations in the Complaint." *In re Managed Care Litig.*, 595 F.Supp.2d at 1356.

 Plaintiff's separate counts arise from the same conduct: Plaintiff provided necessary medical services to patients who were members of Defendant's health insurance plan, which, Plaintiff alleges, are employee benefits plans governed by ERISA. D.E. 10 at 3, ¶¶ 16, 32. These services were pre-approved by Defendant, but Defendant has not made a full payment for the services that were provided. *Id.* ¶¶ 15, 19.

Count II is based on an alleged oral contract between Plaintiff and Defendant authorizing Plaintiff to provide medical services to the "HMO's membership," which Plaintiff defined as a "covered insured, subscriber, beneficiary or dependent ... according to the terms and condition of the HMO policy, plan or agreement." *Id.* ¶¶ 48, 30. Count IV simply alleges that Plaintiff is owed $201,361.64 on the patients' eight accounts. *Id.* ¶ 79. Count V alleges that Defendant "was billed the usual and customary charges for said medical services," but has "failed or refused to pay" Plaintiff's bill. *Id.* ¶¶ 85, 86. Count VI alleges that Defendant authorized medical services, but then later "under false pretext, reduces the offered rate of payment for the procedures after they have been complete by medical providers," which Plaintiff contends is "deceptive and unfair." *Id.* ¶ 92.

These claims are "related to" the patients' ERISA plans. Plaintiff provided medical services to patients that were participating in Defendant's employee benefits plan, which is undisputedly governed by ERISA. Plaintiff is now seeking payment for the medical services that were provided based on the patients' participation in the ERISA plans. Accordingly, any determination of the amount Defendant owes Plaintiff relates to the ERISA plans. As such, Plaintiff's state law claims are defensively preempted and must be dismissed.

Similar claims have been dismissed for ERISA conflict preemption in numerous other cases. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (finding breach of contract, breach of fiduciary duties, and fraud in the inducement claims were "each based on alleged improper processing of a benefit claim under an employee benefit plan" and were therefore related to an ERISA plan and subject to conflict preemption); *Hall v. Blue Cross/Blue Shield of Ala.,* 134 F.3d 1063, 1065–66 (11th Cir. 1998) (finding conflict preemption for fraudulent inducement claims because "no court will be able to determine whether [plaintiff] has been fraudulently induced without resorting to the written policy and assessing the truth of the agents' representation"); *Autonation, Inc. v. United Healthcare Ins. Co.,* 423 F.Supp.2d 1265, 1270 (S.D.Fla.2006) ("There is no dispute that courts have consistently held that state law claims brought by individual beneficiaries (often employees) that essentially seek to recover improperly denied benefits are preempted by ERISA because these state law claims 'relate to' an ERISA plan."); *Cantrell v. Currey,* 407 F.Supp.2d 1280, 1291 (M.D.Ala.2005) (dismissing breach of contract and fraud claims based on plaintiffs' allegations that "an oral agreement was reached with management that entitles them to ERISA benefits as a matter of contract," which implicated the ERISA plan); *Lab. Physicians, P.A. v. AvMed, Inc.,* No. 8:08–cv–1726, 2009 WL 2486328, at *1 (M.D.Fla. Aug. 10, 2009) (granting judgment on the pleadings dismissing quantum meruit, unjust enrichment, and claims based in Florida statutes where plaintiff brought the "action to recover for services rendered to Defendant's members who are covered under employer-provided group health insurance policies"). Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, D.E. 12, is GRANTED. Counts II through VI are DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, D.E. 7, is DENIED AS MOOT.